**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4987**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GREGORY DONALD BRUNNER,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:08-cr-00016-RLV-DSC-1)

Submitted:  August 17, 2010          Decided:  August 27, 2010

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence W. Hewitt, Justin N. Davis, GUTHRIE, DAVIS, HENDERSON & STATON, P.L.L.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Donald Brunner pled guilty to transporting computer files that contained visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(1), (b)(1) (West 2000 & Supp. 2010), and possession of a computer and computer disks that contained numerous images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(4)(B), (b)(2) (West 2000 & Supp. 2010). The district court sentenced Brunner to 151 months of imprisonment and Brunner timely appealed. Counsel for Brunner filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by imposing a two-level enhancement, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2(b)(3)(F) (2008), when the parties did not stipulate to that specific offense characteristic in the plea agreement. Brunner did not file a pro se supplemental brief, although informed of his right to do so. The Government elected not to file an answering brief.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.;

2

see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). To determine "whether a district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Layton, 564 F.3d 330, 334 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009).

Here, the plea agreement specifically acknowledged that enhancements beyond those enumerated in the plea agreement could be assessed, stating: "These stipulations do not affect either party's right to argue in favor of, or against, [USSG §] 2G2.2 enhancements and/or reductions not listed above." Thus, the Government was entitled to argue in support of the enhancement Brunner now challenges.

Moreover, the district court correctly determined that the challenged enhancement was warranted. In Layton, this court explained that "[t]he term 'distribution' is broadly defined as 'any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.'" Layton, 564 F.3d at 335 (quoting USSG § 2G2.2 cmt. n.1). Thus, this court joined the Seventh, Eighth, and Eleventh Circuits in holding that where — as here — a defendant knowingly uses a peer-to-peer file-sharing program that allows others to

3

access child pornography files, that action warrants an enhancement pursuant to USSG § 2G2.2(b)(3)(F). Id. Like the defendant in Layton, Brunner knowingly used a file-sharing program to find and exchange contraband. Accordingly, the district court properly assessed the two-level enhancement.

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment. This court requires that counsel inform Brunner in writing of his right to petition the Supreme Court of the United States for further review. If Brunner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brunner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED